**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ALLAN D. SIMS, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-312-ECM-CWB |
| | ) | |
| **LAURA STARR, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

Allan D. Sims, Jr., proceeding *pro se*, filed this action on May 23, 2024 to assert claims under 42 U.S.C. § 1983 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2).  Named as defendants to the action are:  Patrol Officer Laura Starr; Deputy McCoulough; Judge Stevens; Muscogee County Jail; Deputy Neutron; the 17th Judicial Circuit Court System; and Muscogee County, Georgia.  (*Id*. at p. 1).  For the reasons set out below, the Magistrate Judge will now recommend that this action be transferred to the United States District Court for the Middle District of Georgia.

**II.   Discussion**

An action under 42 U.S.C. § 1983 "may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such

1

action." 28 U.S.C. § 1391(b). Here, however, all of the conduct referenced in the Complaint is alleged to have occurred in Muscogee County, Georgia (*see* Doc. 1 at p. 2), which is located within the Columbus Division of the Middle District of Georgia, *see* 28 U.S.C. § 90(b)(3). And no allegation is made that any defendant resides within the Middle District of Alabama or that all defendants reside within the State of Alabama. (*See* Doc. 1).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ."). Accordingly, by Order entered May 30, 2024 (Doc. 7), Sims was directed to show cause as to why this action should not be dismissed or, alternatively, transferred to the Middle District of Georgia. Sims in response asserted that venue should be deemed proper in the Middle District of Alabama considering that (1) he is a resident of the State of Alabama and (2) he is allowed to bring an action against the United States in the district of his residence. (Doc. 8 at pp. 1, 3-4). Despite such assertions, the United States is not a defendant in this action so as to authorize venue under 18 U.S.C. § 1391(e)(1)(C), and the location of Sims's residence otherwise is irrelevant to the venue analysis. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (citing with approval *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)).

Because no factual basis has been presented that would render venue proper in the Middle District of Alabama, and because the factual allegations would render venue proper in the Middle District of Georgia, the undersigned concludes that it would be in the interest of justice to transfer proceedings to the Middle District of Georgia. Moreover, because this case

is due to be transferred, a determination regarding *in forma pauperis* status (*see* Doc. 2) should be reserved for the court where venue is proper.

**III.   Conclusion**

Accordingly, the Magistrate Judge hereby **RECOMMENDS** that this action be transferred to the United States District Court for the Middle District of Georgia, Columbus Division. *See Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) ("[T]he court may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406."); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) ("[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).").

It is **ORDERED** that all objections to this Recommendation must be filed no later than **June 20, 2024**. An objecting party must identify the specific portion(s) of all factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify all claims or defenses that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 5th day of June 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**