IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLAN D. SIMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:24-cv-312-ECM |
| | ) | [WO] |
| LAURA STARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On June 5, 2024, the Magistrate Judge entered a Recommendation that this case be transferred to the United States District Court for the Middle District of Georgia. (Doc. 9). On June 18, 2024, the Plaintiff timely filed objections to the Magistrate Judge's Recommendation. (Doc. 10).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be transferred to the United States District Court for the Middle District of Georgia.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires

that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommended that this case be transferred to the Middle District of Georgia because "no factual basis has been presented that would render venue proper in the Middle District of Alabama, and because the factual allegations would render venue proper in the Middle District of Georgia." (Doc. 9 at 2). To the extent the Plaintiff proffers general or conclusory objections, or merely restates arguments previously made to the Magistrate Judge, those objections are due to be reviewed for clear error and due to be overruled.

The Plaintiff objects to the Recommendation on the grounds that he previously submitted a complaint to the Alabama Attorney General's Office in which he complained that, while he was incarcerated in the Muscogee County Jail in Georgia, the Muscogee County Clerk of Court would not permit him to file a civil rights action, which he claims violated his constitutional rights. This objection, however, fails to establish any error in the Magistrate Judge's analysis or conclusion that venue is not proper in the Middle District

of Alabama, or that venue is proper in the Middle District of Georgia. Consequently, this objection is due to be overruled.

The Plaintiff also argues that venue is proper in the Middle District of Alabama because he believes that one of the named Defendants, Deputy McColough, resides in Wetumpka, Alabama. But as the Magistrate Judge explained, venue is proper in "a judicial district in which any defendant resides, *if all defendants are residents of the State in which the district is located*." (Doc. 9 at 1) (emphasis added) (quoting 28 U.S.C. § 1391(b)). Thus, assuming without deciding that Deputy McColough resides in Alabama, venue still is not proper in the Middle District of Alabama because the record contains insufficient allegations to show that all defendants reside in Alabama. *See* 28 U.S.C. § 1391(b). Consequently, this objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 10) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 9) is ADOPTED;

3. This case is TRANSFERRED to the United States District Court for the Middle District of Georgia.

DONE this 3rd day of July, 2024.

          /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE